**GRASSI'S MIDTOWN ITALIAN RESTAURANT, INC.,**
Respondent,

v.

**Rayjeana RICOTTA, Appellant.**

No. 48379.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 24, 1985.

Ralph H. Schnebelen, St. Louis, for appellant.

Martin M. Green, Green, Kanefield & Hoffman, St. Louis, for respondent.

CRIST, Judge.

Defendant Ricotta appeals from a jury verdict awarding plaintiff Grassi's Midtown Italian Restaurant, Inc. (Grassi's) $16,-000.00 on its claim for breach of an express warranty of title in a sale of restaurant fixtures and equipment. We affirm.

Grassi's filed suit against Ricotta, alleging fraud and breach of an express warranty. John Berra, a real estate agent with whom Ricotta listed the property for sale, was joined as a co-defendant on the fraud claim. The action arose from a dispute over the purchase, by Grassi's, of restaurant equipment and fixtures for $45,000.00. Grassi's received a bill of sale and a bulk sales affidavit, both of which warranted the title to the property was free and clear. However, in reality the fixtures and equipment were collateral partially securing a lien of $150,000.00, which also covered the land and building where the restaurant was located. Grassi's paid $45,000.00 for the fixtures and equipment, none of which was tendered back.

Ricotta contended the $45,000.00 payment was earnest money on the sale of the whole restaurant, including land, building, business, equipment and fixtures, for a total price of $225,000.00. She did not file a cross-claim seeking specific performance of this contract. She pled estoppel and lack of consideration as affirmative defenses, and otherwise denied Grassi's claims.

Grassi's presented substantial evidence the sale was structured in two steps. First, Grassi's was to purchase the fixtures and equipment and run the restaurant. Then, the fixtures and equipment were to be collateral for a loan to complete the later purchase of the land and building. This was prevented by the outstanding encumbrance on the fixtures. While Grassi's knew the building and land was encumbered by the $150,000.00 lien, it did not know the encumbrance extended to cover the fixtures.

Upon submission, the jury absolved Ricotta on the fraud claims, but awarded Grassi's $16,000.00 for breach of warranty. Grassi's was also awarded $29,000.00 actual damages, and $1,000.00 punitive damages against Berra, the real estate agent, on the fraud claim. Berra also appealed, but the claim was settled as to him and his appeal was dismissed.

Ricotta proffers prejudicial error in the submission of the case to the jury, claiming she was entitled to a directed verdict due to Grassi's knowledge of the encumbrance, lack of consideration for the sale as described by Grassi's, and there was no contract between the parties. She also alleged several instructional errors, which are not preserved for review inasmuch as she did not set those instructions out in full in her brief. Rule 84.04(e); *St. ex rel. D K B v. W G L* , 654 S.W.2d 218, 218–19 (Mo.App.1983). The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

The judgment is affirmed in accordance with Rule 84.16(b).

STEPHAN, C.J., and SIMON, P.J., concur.